UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANDRES HERNANDEZ-LOPEZ,

Petitioner,

v.

CONSTANCE C. REESE, IMMIGRATION AND NATURALIZATION SERVICE, and DOES 1-5,

Respondents.

CIVIL NO. 01-1347 (DSD/JMM)

ORDER

The above matter is before the Court on Petitioner's Motions for Appointment of Counsel [Docket No. 4] and to Proceed In Forma Pauperis [Docket No. 5]. The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Petitioner's Motion for Appointment of Counsel [Docket No. 4] is denied.

2. Petitioner's Motion to Proceed In Forma Pauperis [Docket No. 5] is granted. Petitioner is excused from pre-paying the full filing fee for this action. Plaintiff will be required to pay the full filing fee in installments pursuant to 28 U.S.C. §1915(b)(2). The Clerk of Court shall provide notice of this requirement to the authorities at the institution where Petitioner is confined.

Dated: October 5, 2001

JOHN M. MASON
United States Magistrate Judge

FILED OCT 05 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

**MEMORANDUM**

Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In this case neither the facts nor the legal issues raised are so complex as to warrant appointment of counsel. Petitioner's submissions to the Court indicate that he has the ability to articulate his claims and argue his position. We do not find that appointment of counsel would substantially benefit the Court. Therefore, Petitioner's Motion for Appointment of Counsel [Docket No. 4] is denied.

J.M.M.